# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITNEY RANDALL,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>TRANS UNION, LLC,<br><br>　　　　　　Defendants. | Case No. 1:23-cv-01547-JLT-SAB<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br><br>ORDER RE NOTICE OF SETTLEMENT, ORDERING DISPOSITIONAL DOCUMENTS<br><br>(ECF No. 9, 10, 11)<br><br>**DEADLINE: FEBRUARY 23, 2024** |

　　　　On November 1, 2023, Plaintiff filed the complaint in this action against Defendants Trans Union, LLC and First Premier Bank.[1] (ECF No. 1.) In light of the scheduling conference set for February 6, 2024, the Court ordered Plaintiff and Defendant Trans Union, LLC to show cause for the failure to file a joint scheduling report by the deadline. (ECF No. 9.) On February 1, 2024, Plaintiff and Trans Union, LLC responded to the Court's order to show cause through a joint letter. (ECF No. 10.) The parties proffer that while they were finalizing the joint scheduling report, they were able to reach a settlement and resolve the matter. The Court finds good cause to discharge the order to show cause.

　　　　On February 1, 2024, Plaintiff filed a notice of settlement indicating that the parties have reached a settlement as to Plaintiff's claims against Defendant Trans Union, LLC only. (ECF No.

---

[1] On December 26, 2023, the Court granted Plaintiff and Defendant First Premier Bank's stipulation to submit Plaintiff's claims against First Premier Bank to arbitration and to stay the action against First Premier Bank pending arbitration. (ECF No. 6.)

1    11.) The parties state they anticipate completing settlement documents and filing dispositional
2    documents within the next thirty days. The parties request that the Court retain jurisdiction
3    during the thirty-day period.

4    Although only requesting thirty (30) days, the filing contains no specific reason
5    demonstrating good cause for requiring more than twenty-one (21) days to file the dispositional
6    documents. See L.R. 160(b) ("[T]he Court shall fix a date upon which the documents disposing
7    of the action or motion must be filed, which date shall not be more than twenty-one (21) days
8    from the date of said notification, absent good cause"). Accordingly, the Court shall require
9    Plaintiff and Trans Union, LLC to file dispositional documents within twenty-one (21) days. If
10   the parties require additional time to file dispositional documents, they may request an extension
11   of the deadline upon a demonstration of specific good cause.

12   Further, the Court will retain jurisdiction until the dismissal is filed. However, the Court
13   notes it generally declines generic requests to retain jurisdiction after dismissal, absent a specific
14   request and showing of good cause, and such retention requires a subsequent order of approval
15   from the Court retaining jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S.
16   375, 378 (1994) ("Neither the Rule nor any provision of law provides for jurisdiction of the court
17   over disputes arising out of an agreement that produces the stipulation . . . . [e]nforcement of the
18   settlement agreement, however, whether through award of damages or decree of specific
19   performance, is more than just a continuation or renewal of the dismissed suit, and hence requires
20   its own basis for jurisdiction.").
21   ///
22   ///
23   ///
24   ///
25   ///
26   ///
27   ///
28   ///

Accordingly, IT IS HEREBY ORDERED that:

1. The order to show cause issued on January 31, 2024 (ECF No. 9), is DISCHARGED;
2. The initial scheduling conference set in this matter for February 6, 2024, at 10 a.m. in Courtroom 9 is VACATED; and
3. Plaintiff and Defendant Trans Union, LLC shall file dispositional documents **on or before February 23, 2024**.

IT IS SO ORDERED.

Dated:   **February 2, 2024**

_____
UNITED STATES MAGISTRATE JUDGE